HOLBROOK vs. WHITE.

An *administrator* is entitled to maintain an action for the penalty given by statute, for the omission to file within *ten days* after sale of property taken as a distress for rent, the landlord's affidavit, and the warrant of distress, when such property is taken out of his possession.

ERROR from the Saratoga Common Pleas. The question presented by the bill of exceptions in this case is, whether an *administrator* can maintain an action for the penalty given by statute, against an officer who, having made a distress for rent, neglects to file the affidavit of the landlord and the warrant of distress, in the town clerk's office, within *ten days* after sale of the property destrained. 2 *R. S.* 501, § 8, 9. On 13th *October*, 1832, the plaintiff took out letters of administration on the estate of Daniel Matthews, deceased. On the 15th *December* following, the defendant levied upon certain property, as a distress for rent due from the intestate. The property, at the time of the seizure, was on the premises on which the rent was charged, but in the possession of the plaintiff as administrator. The plaintiff brought his suit *as administrator* of Matthews, in a *justice's court*, and recovered judgment. The defendant appealed to the Saratoga common pleas. It was proved that the affidavit and warrant were not filed until *twelve days* after the sale, but the court instructed the jury that the plaintiff, *as administrator*, had no right to recover the penalty, and the jury accordingly found a verdict for the defendant, on which judgment was entered. The plaintiff sued out a writ of error.

*N. Hill, jun.*, for plaintiff in error.

*W. L. F. Warren*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. The only question submitted to the court was whether the plaintiff as an administrator, had a right to recover the penalty given by the revised statutes, 2 *R. S.* 501, § 8, 9; and the court decided he had not,

NEW YORK, and instructed the jury to find a verdict for the defendant. In
May, 1835. my opinion the court were clearly wrong. The property, at
The People the time of the levy and sale, was the property of the plain-
    v.      tiff; he and no other person was the legal owner. It was
Buckland.
unnecessary, and perhaps improper for him to have described
himself as *administrator*. He did not properly sue in his
representative character; and had he failed, could not have
avoided the payment of costs. The property, when levied
on, was not the property of Matthews; no right of action
had accrued to him before his death, and hence the plaintiff
did not sue as his representative. It is true that the plain-
tiff's title to the property was derived from Matthews; but
it is enough that he was the legal owner.

The judgment must be reversed, with single costs; a *ve-
nire de novo* to be issued by Saratoga common pleas.