THE PEOPLE *vs.* GUILD and others.

A suit may be maintained on an executor's or administrator's bond, when forfeited by the non-payment of a sum decreed by the surrogate to be paid to a legatee or creditor pursuant to 2 *R. S. p.* 72, § 19, though the decree has not been docketed or an execution issued and returned, and though the bond has not been assigned as authorized by *Stat.* 1837, *p.* 135, §§ 63 *to* 65, and *Stat.* 1844, *p.* 90, §§ 1, 2.

DEMURRER to declaration. The action was debt on a bond executed by the defendant Guild as principal, and the other defendants as sureties, in the penalty of $8000, conditioned that Guild, as the executor of the last will and testament of N. Guild, deceased, should faithfully execute the trust reposed in him as such executor, and should also obey all orders of the surrogate of the county of Saratoga, touching the administration of said estate. The declaration set forth the issuing of letters testamentary by the surrogate of Saratoga, to the defendant Guild; a complaint against him by certain legatees and the proceedings thereon, pursuant to 2 *R. S.* 72, §§ 18 *to* 20, which resulted in giving the bond declared on; a citation subsequently issued to Guild by the surrogate, to render an account as executor, and the proceedings thereon, including a decree made by the surrogate, on the 10th day of September, 1844, adjudging that Guild should pay to two legatees of the testator named therein, the sum of $624,92 each, with interest on demand, and certain costs, for which Guild was adjudged to be personally liable to the legatees; and a demand of and refusal by Guild to pay the amount adjudged, and a further order of the surrogate made the 9th day of October, 1844, that the bond be prosecuted, whereby an action hath accrued, &c

Breach, non-payment of the penalty of the bond. Demurrer and joinder.

*O. S. Brigham,* for the defendants, referred to the statutes authorizing the docketing of the decrees of surrogates, and the issuing and return of executions thereon, (*Stat.* 1837, *p.* 535, §§ 63 *to* 65, *and Stat.* 1844, *p.* 90, §§ 1, 2,) and insisted that the declaration was defective in not showing that the decree in this case had been docketed, and that execution thereon had been returned unsatisfied against Guild, and that the bond had been assigned pursuant to § 65 of the act of 1837. He maintained that the provisions of the acts cited were a substitute for the remedy given by the revised statutes on the bond, and that since these enactments the remedy against the executor must be exhausted before his bond could be prosecuted. He cited 1 *Kent's Com.* 466 ; *Clark* v. *Brown,* (18 *Wend.* 213, 222 ;) *The People* v. *Morrell.* (21 *id.* 563 ;) *Stafford* v. *Ingersol,* (3 *Hill,* 38.)

*G. W. Kirtland,* for the plaintiffs, cited *Bowen* v. *Lease,* (5 *Hill,* 221 ;) *McCartee* v. *The Orphan Asylum Society,* (9 *Cowen,* 437.)

*By the Court,* BEARDSLEY, J. The acts of 1837 and 1844, which have been referred to, authorize certain decrees of surrogates to be docketed, by which they become liens on real estate, and executions may be issued thereon. It is also provided that " if such execution be issued and returned unsatisfied, the surrogate shall, on application, assign the bond given by such executor, administrator or guardian, to the person in whose favor such decree is made, for the purpose of being prosecuted." (*Laws of* 1837, *p.* 535, § 65.) This mode of obtaining redress is in addition to that provided by the revised statutes, (2 *R. S.* 72, § 19,) and not a substitute for it. The latter has not been expressly repealed, and unless the incongruity is manifest and unavoidable, the provision cannot be regarded as repealed by implication. (*McCartee* v. *The Orphan Asylum*

*Society,* 9 *Cowen,* 438, 506 ; *Bowen* v. *Lease,* 5 *Hill,* 221.) The several provisions referred to are not inconsistent with each other, and suit may now be brought on the bond as is authorized by the revised statutes, (§ 19, *supra,*) without the return of an execution as required by the sixty-fifth section of the act of 1837. I think this declaration is good, and judgment should be for the plaintiffs.

Judgment for the plaintiffs.