By the Court.
Bosworth, J.
This is an appeal from a judgment at special term, overruling a demurrer to the complaint. The action was commenced on the 15th of February, 1851. The plaintiff sues as creditor of the estate of J. De Lacroix, deceased. The defendant is sued as an executor of said estate. The object of the action is to compel the defendant to account, as executor, for moneys for which he accounted in March, 1842, on a final accounting by him, then had as such executor. The theory of the action is, that certain of the moneys which the defendant then had as executor, for which he then accounted, and for which a decree was then made against him personally, in favor of the corporation of New York, became, on the 21st. of July, 1848, by reason of the facts stated in the complaint—new *391 assets, or assets anew, in his hands, as executor, for which he is liable to account anew. The first objection specified in the demurrer is, that the complaint does not state facts sufficient to constitute a cause of action. I think that objection is well taken.
The complaint does not state by whom, or by whose property, the claim of the mayor, aldermen, and commonalty of New York, against the estate of the decedent, under and upon his order, was satisfied. It does not aver that any assets, other than those disposed of by the order of March 22,1842, were realized by either of the executors, or by the executrix. It, by implication, admits that every creditor was paid the sum adjudged by the recorder to be payable to him, except the city of New York, as nothing to the contrary is averred. It avers that the corporation of the city of New York, having become “ equitably satisfied to the whole amount of their said claim from another source, concluded to release their said demand against said estate, so far as regarded the said fund of fifteen hundred and ninety-six fVo dollars, set apart to their use as aforesaid, and they thereupon executed to the said plaintiff, on or about the 21st of July, 1848, a document, or paper, to that effect, whereof the said defendant had due notice.”
It does not aver that Kinney was not, or that the estate was, the meritorious cause or instance of producing such satisfaction. It avers an equitable satisfaction of the $1596 51 from another source than the moneys in Kinney’s hands as executor. It avers that Kinney never paid to the said corporation “ said amount so directed to be paid,” but does not aver that he never paid any part thereof, nor created or furnished that which constituted the equitable satisfaction. There is no averment, in terms or substance, that the corporation gratuitously relinquished to the estate its claim to the sum directed to be paid by Kinney. The plaintiff insists that the facts alleged in the complaint, as therein stated, conceding them to be true, operate to place Kinney in a position, on and from the 21st of July, 1848, which precludes him from denying that on that day he realized anew, in his capacity of executor, as assets belonging to the estate, the sum of $1596 51, although he, in fact, has not received or realized a dollar of money not embraced in or disposed of by the order made on the final accounting.
*392 What was the position and liability of Kinney, and the right of each creditor at the time this order was entered ? The right of each creditor, and the extent of such right, in respect of the moneys then realized, -were absolutely and unalterably determined, provided the order was not appealed from in thé time specified by law. (2 R. S. p. 94, §§ 65, 67.)
Each creditor having a right either to a part of the fund, or to be paid anything on account of the existence of the fund, was paid the whole sum to which he was entitled, except the city of New York. Each creditor, except the latter, received actual and full payment. The order directed the plaintiff to pay to Kinney the moneys in her hands, forming part of the sum of $1596 51, and all of it except such part as he then held as executor, and directed that he should personally pay the corporation the sum of $1596 51. The payment by her to Kinney of the sum she was ordered to pay, terminated all liability on her part, and confined the rights and remedies of the corporation to proceedings to be taken against Kinney only. If the order was complied with by Mrs. Paff, and was not appealed from, it would certainly protect her against any and all proceedings against her in respect to such moneys.
Every creditor was paid his proportion of all the moneys embraced in the order, except the corporation of the city of New York. The amount adjudged payable to the latter was placed in Kinney’s hands as executor, and it was adjudged that he only, and personally, should pay to the corporation $1596 51. No other creditor had any interest, legal or equitable, in this fund, or in his obeying the order. The mqneys became the individual property of Kinney, as to all the world, except the corporation, and also as against the latter, unless on some special equity it might be proved against the fund while it existed in his hands in specie, and could be traced, to obtain payment by the application of the identical moneys received by him as such executor.
The defendant insists that the only remedy of the corporation, after the decree made on the final accounting, was an action on the decree, or the filing and docketing of a transcript of the decree, and the issuing of an execution thereon.
In Dubois v. Dubois, 6 Cowen, 494, the court held, that an *393 action would lie on a surrogate’s order, directing one executor to pay to Ms co-executor, the amount of a legacy. The court said, “ But the surrogate, we must intend, had the proper evidence to justify a decree, whereby the defendant was to be made personally liable for a demand, which previously existed against him, in Ms representative capacity only. By the decree it became a personal matter. The judgment in this suit- cannot be of the goods of the testator, execution must go against the defendant personally, as for his private debt. I infer, therefore, that the character of the claim is changed by the decree, so that in prosecuting upon it, there can be no necessity to describe the defendant as executor.” In such a suit he may set off a demand due to him individually, from the plaintiff. (Id. p. 497.)
By session law of 1837, p. 535, § 63, 64, and 65, and of 1844, p. 91, § 2, provision is made for filing a transcript of a surrogate’s decree for the payment of money, by an executor, docketing it, making it a lien on his real estate, and for issuing an execution thereon, as upon a judgment, recovered in the court of common pleas of the county where the transcript is filed.
An execution on such a decree cannot direct goods and chattels, which were of the deceased, at the time of his death, and in the hands of the executor, to be seized by it. It can only be levied on the individual property of the executor, against whom the decree is made.
(Davies v. Skidmore, 5 Hill, 501.)
There is no pretence that Kinney is, or has been personally irresponsible, and no facts are stated in the complaint, to now exist, or to have at any time existed, which would authorize proceedings by attachment against, or to imprison Kinney, or to reach the fund itself, even it it could be traced and found in his hands, and the claim of the corporation yet existed in full force and effect, unimpaired by lapse of time, or actual satisfaction.
(The People v. Gould and others, 4 Denio, 551; Hosack and executors, v. Rogers et al., 11 Paige, 603.)
The complaint does not aver that Kinney has been released from the decree against him personally. The averment is not that the decree was released, but that the “ said demand against said estate, so far as regarded the said fund of $1596 51, set *394 apart to their use,” has been released. The assumption in the complaint is, that moneys amounting to the specific sum of $1596 51, were separated and set apart, on the 22d of March, 1842, to the use of the corporation ; that from that time to July 21, 1848, that fund continued to exist, and that Kinney continued to hold it as executor, in trust for the corporation, and, to also hold it as assets in some such sense, that when the corporation released its claim on the fund, then and from the moment of such release, Kinney was chargeable as executor with the receipt of new assets, to the amount of the fund, in consequence of such release.
On this theory, the effect of the surrogate’s decree, of March 22,1842, was to place in Kinney’s hands, on special deposit, assets amounting to $1596 51, to be held as assets, but for the sole and separate use of the corporation, and also to adjudge that he should personally pay that sum to the corporation, and that when the corporation, without actual payment, but on being equitably satisfied from some source, not disclosed, released to “ Maria Paff, a creditor of the estate,” its demand against the estate so far as the fund was concerned, Kinney could be again called upon to account for the same moneys as new assets, notwithstanding the judgment against him remained unsatisfied in fact, and in no way released or discharged.
But the decree is not such in terms or in its legal effect. The moneys were not directed to be paid over to him, to be held by him as a trust fund ; they were to be paid over to him as a consideration and ground of decreeing that he should personally pay to the corporation, the sum which had been found to be equitably due to it. When the decree was entered, every creditor’s right in or to these moneys, or, in respect of them, was settled and determined. By the force and effect of that decree, each creditor, except the corporation of New York, was decreed to have no right in or to them, or in respect of them. The plaintiff was exonerated from all liability in respect to them, both personally and as executor, except to pay to the defendant a specified sum. She paid that, and then her duties and liabilities, personally, and as executrix, as to those moneys were ended. The defendant was charged personally with the payment to the corporation, of the amount found payable to the *395 latter. His liability then became personal, and the moneys were his own. A decree was pronounced against him, which could be made a lien on his real estate, as the will of the corporation, and could be collected by execution on the decree out of his real and personal property. The corporation could not proceed against him otherwise than by proceedings based upon the decree for the purpose of enforcing it. That decree is subsisting, at all events the plaintiff is not the assignee of it, nor claiming as assignee of it. The corporation by reason of releasing their claim against the estate, so far as regards the alleged fund, could not confer on the plaintiff other rights than it had itself, at the time. All the corporation had, at the time of releasing, was a decree against Kinney, personally, which was outlawed. It is not alleged that this decree was released. If it had been, the liability of Kinney upon it, if any there existed, could not be transformed into a liability to account as executor, for the assets, as new assets then realized, which had been accounted for over six years previous, on a final accounting in respect to them, and on which accounting a judgment had been recovered against him personally, for the amount of them.
It is true that, in equity, the assets are treated as the debtor, or, in other words, as a trust fund, to be administered by the executor, for the benefit, and according to the rights of all persons interested in it. (1 Story’s Equity, 543, ,§ 579.) But since the adoption of the revised statutes, there is no such thing known, as the assets in the hands of an executor being, at law, the debtor, or a creditor’s having a lien on them, but the person of the executor in respect to the assets, which he has in his hands, is treated as the debtor. (2 R. S. 88, § 32; 9 Wend. 448, 487; 18 Wend. 666.) No execution “ de bonis testatoris” can now be issued. For injuries to personal property, which was of the deceased, done after his death, or for a subsequent conversion of it, the executor may sue in his own name, without describing himself as executor, he being regarded, at law, the real owner. (5 Cowen, 267, Baker v. Baker; 13 Wend. 591, Holbroke v. White; 4 Hill, 57, Patchin v. Patchen.)
But if a state of facts appeared by the complaint to have existed at, or prior to, the time of the final accounting, which *396 would have authorized proceedings by the corporation, to reach and obtain a transfer of specific moneys,- to the amount of $1596 51; yet, as it elected to take a judgment, or -decree, on such accounting, against the executor, personally, for the amount, such election and decree are a bar to all proceedings to reach the moneys, and from the entry of the decree, they became the property of Kinney, as well against creditors, as against third persons. Every contingent equitable right to the assets, was merged in the personal judgment against the executor. (3d Cowen & Hill, p. 823, and cases there cited.)
If this action can be maintained upon the facts stated in the complaint, it is difficult to say that one would not lie at the suit of a creditor, on the allegation that Kinney had not paid any part of the moneys to the corporation; that its right to take proceedings to reach them, was bound by lapse of time ; and that Kinney had not, since they were set apart to the use of the corporation, made any promise to pay, or acknowledged any liability to pay them.
It is unnecessary to discuss, and it is not intended to express any opinion, what would be the rights of the estate, or of its creditors, if the complaint had stated facts, which showed that the estate was the source from which equitable satisfaction had been derived, and in consideration of that, and for the benefit of the estate, the corporation had released Kinney from the decree against him, and its claim against the estate, pro tanto, by a release to the plaintiff and defendant, as executrix and executor : such is not the case made by the complaint.
The complaint shows that on thé final accounting, several persons were found to be creditors of the estate, neither of whom was paid more than his proportionate part of his debt: it is not averred that either of them has since released his debt, or been paid in full. Unless they have released, or been paid, they should be made parties. The allegation that the plaintiff is now the sole creditor of said estate, who has a claim upon said assets in the hands of the said defendant, is not, in substance or effect, an averment, that she is the only creditor of the estate, and that all of the others have discharged the estate from all claims and demands. If a case can be made, giving the plain *397 tiff a right as creditor, to call the defendant to account as executor, a suit for that purpose should be brought in behalf of all the creditors, or they should be made parties to it.
It seems to be unnecessary to express any opinion as to the effect of the statute of limitations upon the demand made against the defendant, or upon the claim of the plaintiff, as creditor. If, upon the facts stated, the defendant cannot be said to have realized new assets, or assets anew, on the 21st of July, 1848, then the facts stated are not sufficient to constitute a cause of action. Nothing has come to the defendant’s hands which was not accounted for in March, 1842. He is not to be again required to account for the same moneys by any creditor who was a party to that accounting.
The order overruling the demurrer should be reversed, and judgment given for the defendant on the demurrer, with liberty to the plaintiff to amend her complaint within twenty days as she may be advised, upon payment of the costs of the proceedings on the demurrer, and of this appeal.