HORACE B. CLAFLIN, JOHN J. DONALDSON, EDWARD E. EAMES and HORACE B. CLAFLIN, Jr., Appellants, *v.* MICHAEL BALL and ZACHARIAH M. RHODE, Respondents.

The defendant undertook, in writing, with the plaintiffs, in consideration that the latter would not arrest or imprison his debtor, L., in any action then brought or thereafter to be brought against him, that L. would at all times " obey and perform the orders and judgments of the court or courts in which any such action was or might be pending, and of the judges or justices thereof." The plaintiffs, having subsequently recovered and entered up judgments against L. for money, and directing the payment thereof, which judgments L. neglected to pay, brought his action upon the defendants' agreement setting up these facts,—*Held* (CHURCH, Ch. J., *contra*), on demurrer to the complaint, that the neglect to pay the judgments by L. was a refusal and failure to " obey and perform the judgment

of the court," within the meaning of the contract, and the action would lie.

(Argued December 7th, 1870; decided January 24th, 1871.)

APPEAL from the judgment of the late General Term of the Supreme Court in the first judicial district, affirming an order of the New York Special Term sustaining a demurrer to the plaintiffs' complaint.

The plaintiffs' complaint was as follows:

The plaintiffs by this complaint state, that at the time of the making and delivery of the agreement hereinafter mentioned, the plaintiffs composed the mercantile firm of Horace B. Claflin & Co., in said agreement mentioned.

That the defendants, at the request of Samuel M. Levy and Mark Levy, made and delivered, at the date thereof, to the plaintiffs and the other creditors in said agreement named, an agreement in the words and figures following, to wit: "In consideration of one dollar to each of us, paid by Horace B. Claflin & Co., of one part, John M. Davies & Co., of another part, and Henry Duhring & Co., of another part, who severally are creditors of Samuel M. Levy and Mark Levy, and that said creditors will not arrest or imprison Samuel M. and Mark Levy in any action now brought, or hereafter to be brought, by either of them against said Samuel M. and Mark Levy for said debts, we hereby agree with said creditors, each severally, that said Samuel M. and Mark Levy will at all times, on five days' written notice, left at the office of Henry B. Herts, Jr., 189 Broadway, appear to receive personal service *of any order, process, pleading or paper in any such action, and will obey and perform the orders and judgments of the court or courts in which any such action is or may be pending,* and of the judges or justices thereof. The agreement of said creditors is not to apply to any proceedings for contempt. This agreement by the subscribers shall not be impaired by any consent to give longer notice than above prescribed, or any extension of time, or any agreement to delay, or any license to depart this State, or stipulation not to imprison said

debtors or either of them out of this State. This agreement also is to be construed as made severally with each of said three creditors, as if a separate agreement had been made with each.

> " MICHAEL BALL,
> " Z. M. RHODE.

" Witness, C. H. SMITH.

" Dated NEW YORK, *December* 13, 1866."

That, at the time of the making and delivery of the said agreement, the plaintiffs and said Duhring & Co. and Davis & Co., made and delivered to said Samuel M. and Mark Levy, in consideration thereof, an agreement on their part not to arrest or imprison the said Samuel M. and Mark Levy in any such action, as in the said defendants' agreement mentioned, pursuant to the conditions therein prescribed. And the plaintiffs further state that, at the time of the making and delivery of the said agreements, they were creditors of the said Samuel M. and Mark Levy, and for the recovery of their said debts subsequently brought actions against them in the Superior Court of the city of New York; and afterward such proceedings were thereupon had in the said actions of the plaintiffs, that the plaintiffs, by the consideration and judgment of the said Superior Court on February 2d, March 4th and 29th, 1867, respectively, recovered a judgment in each of said actions against the said Samuel M. Levy and Mark Levy, for and directing the payment by said Samuel M. and Mark Levy to the plaintiffs of the sum of $2,829.05 in one of said actions, and of the sum of $1,312.42 in another of said actions, and of the sum of $2,378.06 in another of said actions, and of the sum of $2,377.80 in another of said actions, and of the sum of $2,147.96 in another of said actions, and of the sum of $2,592.26 in another of said actions, and of the sum of $3,029.25 in another of said actions, and of the sum of $2,057.69 in another of said actions, and of the sum of $2,596.67 in another of said actions, and of the sum of $2,183.74 in another of said actions, and of the sum of $2.945.58 in another of said

actions, and each of which judgments is now in full force and wholly unpaid, of all which the said defendants and said Samuel M. Levy and Mark Levy had due notice, as required by the said agreement, and yet they have not, nor has either of them, although requested, paid the said sums, or either or any part thereof. And the plaintiffs further state that they and the said Duhring & Co., and Davies & Co., have duly performed all the conditions in the said agreements on their part. And plaintiffs futher state that the said Duhring & Co. were, at the time of the making and delivery of said agreements, creditors of said Samuel M. and Mark Levy, for the recovery of part of which debt an action was then pending in said Superior Court, and for the recovery of the residue of which an action was subsequently brought in the same court against said Samuel M. and Mark Levy, and in each of which actions the said Duhring & Co. have recovered judgment against said Samuel M. and Mark Levy for their said debts, and said Davies & Co. were at the time of the making and delivery of the said agreements also creditors of the said Samuel M. and Mark Levy, for the recovery of which debts two actions were then pending in the said Superior Court, and in each of which actions the said Davies & Co. have recovered judgment against said Samuel M. and Mark Levy for their said debts, the said judgments so recovered being for all the debts and liabilities in respect to which the plaintiffs and said Duhring and Co., and Davies & Co. were creditors of said Samuel M. and Mark Levy at the time of the making and delivery of the said agreements.

Wherefore, the plaintiffs demand judgment against the defendants for the sum of $26,450.48, with interest thereon, from March 14th, 1867, besides costs of this action.

To which the defendants interposed the following demurrer:

The defendants appearing by Benedict & Boardman, their attorneys, and for demurrer to the complaint of the plaintiffs herein state:

That the complaint herein does not state facts sufficient to constitute a cause of action.

The Special Term sustained the demurrer, and, on appeal to the General Term, that order was affirmed, and the plaintiffs having failed to amend, judgment was entered against them for costs, from which they appeal here.

*Marshall S. Bidwell,* for the appellants.

*Andrew Boardman,* for the respondents.

RAPALLO, J.   The instrument sued upon contains, among other stipulations, an undertaking on the part of the defendants, that, in consideration of one dollar, and of the agreement of the plaintiffs not to arrest or imprison Samuel M. and Mark Levy in any action brought or to be brought against them for certain debts, the said Levys will obey and perform the orders and judgments of the court or courts in which any such action may be pending, and of the judges or justices thereof.

It is averred in the complaint that judgments have been recovered in such actions for, and directing the payment by said Levys to the plaintiffs of various sums.

The defendants demur to the complaint, and claim that their agreement imports no undertaking that the Levys shall pay their judgments.

The undertaking is, that they shall obey and perform the orders and judgments.   The actions referred to were actions for debts.   The only mode of obeying and performing a judgment in such an action for the recovery of money is to pay it. Such judgments are declared by the Code to be judgments requiring and directing the payment of money.   (Code, §§ 285, 335.)   If the debts were fraudulently contracted, this payment could be enforced by imprisonment of the debtors. The creditors waived that means of coercion in consideration of the undertaking of the defendants.

The condition of an administrator's bond is to " obey " all orders of the surrogate.   A bail bond in replevin was conditioned that the defendant would abide the order and judg-

ment of the court; and such bonds oblige the sureties to pay any sum adjudged against the principal. (4 Denio, 551; 2 Duer, 170.) So where a bond was conditioned to perform the decrees of the court, Chief Justice MARSHALL awarded execution against the sureties for the amount adjudged by the decree. (1 Brock. Marsh., 380.)

It cannot be maintained that the words, "obey and perform," are not sufficient to require payment of the judgments.

It is claimed, however, that the other stipulations in the agreement, and the facts appearing in the complaint, show that the object of the agreement was merely to secure the appearance of the Levys in the actions and their attendance on the court, and that the defendants could not have intended to assume so onerous an obligation as that of sureties for the payment, by the Levys, of the judgments which might be recovered against them.

There is certainly much reason to suspect that the agreement as drawn, imposes upon the defendants a greater obligation than was intended to be assumed. But this suspicion arises from the want of disclosure of an adequate motive for the assumption of so onerous a liability, and from the form of the agreement, which includes this important stipulation in a clause embracing others of minor importance, without giving it that prominence which it would be likely to have, if it were fully understood between the parties, rather than from any ambiguity in the stipulation itself, or any qualification of it by the other items of the agreement.

These considerations, though not proper in construing the legal import of the language, would be exceedingly important in an action brought by the defendants to reform the instrument, or upon the trial of this action, in case the defendants, as they have a right to do, should by answer claim such reformation as equitable relief. Indeed, if on the trial of such an issue, the actual understanding and agreement of the parties should be shown by parol evidence, and the agreements as thus proved should not disclose any understanding that the

defendants should assume the liability of paying the judgments, that proof in connection with the peculiarity in the form of the agreement would justify a finding, that the words "perform the judgment" were inadvertently or improperly inserted by the draftsman, and that the writing was signed under a misapprehension of its contents, and did not contain the real agreement of the parties. But supposing it should appear on such a trial, that the obligation was intended to be to the extent now claimed, or that the defendants were indemnified against such obligation, or any other decisive fact, should indicate that such liability was contemplated, could it be contended that the words used were insufficient to constitute an agreement in writing within the statute of frauds? Yet we must go to that extent to enable us to hold on a demurrer, that the language of the agreement does not import the obligation claimed by the plaintiff to result from it.

The judgment should be reversed, and the demurrer overruled with leave to the defendants to answer within thirty days, on payment of costs of the demurrer and of the appeals.

All the judges concurring, except CHURCH, Ch. J., who dissented, and ANDREWS, J., absent.

Judgment reversed and demurrer overruled, with leave to the defendants to answer upon the terms stated in RAPALLO, J.'s, opinion.