NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—April, May, December, 1883 ; *again*, March,
1884.

PEYSER V. WENDT.

*In the matter of the estate of* DAVID M. PEYSER,
*deceased.*

Code Civ. Pro., §§ 2717—2719, providing proceedings to compel pay-
ment of debts, legacies, etc., by the personal representative of a de-
cedent, confer no authority upon a Surrogate to direct payment of
a legacy to one claiming title thereto by assignment,—such person
not being "entitled *under the will*" (§ 2717, subd. 2).
The power of the Surrogate, in a proceeding under the sections cited is
more restricted than that possessed upon a judicial settlement of the
executor's account, whereupon, by § 2743, the decree is required to
direct payment to the persons entitled, including legatees, etc., "*or
their assigns.*"
*It seems*, that payment to an alleged assignee should not be directed with-
out previous citation of the assignor.
Where a legatee has assigned his claim as such, he has, during the life of
the assignment, no *status* as a petitioner, under Code Civ. Pro., § 2717,
to compel payment of the legacy. But *it seems*, that, upon a reas-
signment by the assignee to the assignor, the latter becomes reinstated
in his right so to petition.
Code Civ. Pro., §§ 1825-1827, which prescribe a permissive order of a
Surrogate, as a prerequisite to the issuance of an execution "upon
*a judgment* for a sum of money against an executor or administrator
in his representative capacity," have exclusive reference to judgments
of courts other than a Surrogate's court.
An execution issued, under Code Civ. Pro., § 2554, upon a decree direct-

ing an executor to pay a legacy may be issued without application to the Surrogate, or notice to the executor, and may run against the latter personally.

PETITIONS by Dorothea Peyser and others, interested under decedent's will, to compel Frederick B. Wendt, sole acting executor thereof, to pay their legacies. The facts appear sufficiently in the opinion.

SCUDDER & CARTER, *for petitioners.*

CHARLES WEHLE, *for executor.*

THE SURROGATE.—David M. Peyser, by his will, directed the remainder of two thirds of his estate, after payment of a legacy of fifteen thousand dollars, to be divided into five parts. Of these he gave, (1) one to his sister, Juliet Cracauer; (2) another to Moritz M. Peyser's two children, one of whom is the petitioner Henry M. Peyser; (3) another to Frederick M. Peyser's two children, one of whom is the petitioner John F. Peyser.

John F. Peyser asks in his own right, as legatee, for the payment, in whole or in part, of his share in the estate. Dorothea, mother of Henry M. Peyser, claims her son's legacy, by virtue of an assignment. Frederick M. Peyser applies for Juliet Cracauer's share, relying upon his rights as assignee.

Section 2717 of the Code provides for cases in which a petition may be presented to the Surrogate's court, praying for a decree directing an executor or administrator to pay the petitioner's claim, and for a citation directing him to show cause why such a decree should not be made. It declares that such petition may be presented "by a person *entitled to* a legacy or any

other pecuniary provision *under the will*, or a distributive share, for the payment or satisfaction thereof, or of its just proportional part, at any time after one year has expired since letters were granted." Under this provision, I do not think that either Dorothea Peyser or Frederick M. Peyser has any standing to institute this proceeding. Whatever rights they may have, they take under the several alleged *assignments* and not under the will. Upon a *final accounting*, where legatees and all the other persons cited under § 2729 have been brought before the court, "the decree must direct a distribution of the estate to the creditors, legatees, next of kin, husband or wife, of the decedent, *or their assigns*" (see § 2743).

It would seem to be eminently proper, even if an assignee of a legacy could demand payment thereof in advance of a final accounting, that his assignor should be cited, and should have his day in court for the protection of the executor against any claim which such assignee might make thereafter. In the case of neither of these two petitions has citation been issued to any person except the executor. While in this respect everything has been done which is required by § 2717, I should feel bound (even if I thought that an assignee could avail himself of the benefits of that section) to deny the decree prayed for, because the assignors have not been made parties to these proceedings. There is a further objection to the claim made by Frederick M. Peyser. The acknowledgement or proof of the paper presented as the assignment is not in accordance with the requirements of the statute (L. 1865, *ch. 421*). These two petitions must be dismissed.

As to John F. Peyser, he is himself the legatee. There is evidence sufficient to authorize an advance to him of some portion of the legacy to which he is entitled. A decree may be entered for the payment of five thousand dollars, on account of his share in this estate.

---

Subsequently, Henry M. Peyser, the assignor of Dorothea, filed a petition ancillary to and joining in the prayer of her petition. Whereupon the following opinion was filed, May 23rd, 1883:

THE SURROGATE.—I must again deny the motion, in behalf of Dorothea Peyser, for an order directing the payment, in whole or in part, of the legacy bequeathed by the testator to Henry M. Peyser, and by him assigned to his mother, the petitioner.

The present application has the express approval of the assignor, but it is, nevertheless, open to the objection that, within the restrictions of the Code, the Surrogate has no authority, except upon a final accounting, to direct the payment of a legacy to any person claiming title thereto by assignment.

It is, doubtless, true that the benefits of §§ 2717-2719 might very properly be extended to assignees of legacies and distributive shares, in proceedings whereto the assignors are not only parties but consenting parties. These sections, however, cannot fairly receive a construction sufficiently broad for affording the relief which is here asked.

Even if I were not bound for lack of jurisdiction to deny this petition, absolutely and upon its merits, I

should feel obliged to deny it upon the technical grounds urged by the counsel for the executor. He must be sustained in his contention that its deficiencies cannot be adequately supplied by the filing of affidavits and papers which have never been served upon the executor, and of whose contents the executor is not shown to be advised. In obedience to the citation upon the original petition, he entered his appearance. That petition has been denied. Proceedings must be commenced anew, before I can give directions for the payment of Henry M. Peyser's legacy.

In November, 1883, the assignment by Henry M. Peyser being still in force, he presented a petition for the payment of the legacy which he had assigned, whereupon the following opinion was filed, December 10th, 1833 :

THE SURROGATE.—I must deny this petition upon grounds entirely apart from the irregularity of the certification. The assignment by Henry M. Peyser, to his mother Dorothea, of his interest as legatee, seems to be still in full force. He has now, therefore, no interest in the estate, upon which he can base a claim to the relief afforded by § 2717. As to his assignee, I have already decided that she was not entitled to the relief which she sought. The status of the case has not, it seems to me, been essentially changed, since I passed upon the former application. It is insisted, by the executor's counsel, that, by assigning his interest as legatee, Henry M. Peyser has forever lost his claim to

avail himself of his privileges, as such, under § 2717, and that, even should he obtain by reassignment the interest which his mother now has, he would be entitled to enjoy only such rights as he would gain by that assignment. I am of a different opinion. It is true that the legatee can receive *from his mother* no other right or interest than such as she obtained by assignment. But is it not equally true that the assignor has always possessed, and still enjoys, *such rights and interests as did not pass to his assignee?*

I think that, in the event of a reassigning by the mother to the legatee, or of any other act whereby he might be again invested with the legal title to the legacy, he would be in precisely the same position as if the original assignment had never been made.

If the legatee had applied at the outset for the payment of his legacy to himself, and the respondent had set up the making of an assignment, that objection would have been obviated by proof that, at the time of the application, such assignment was not in force.

And between such a case and the case at bar I think there is no substantial difference.

---

On February 13th, 1884, Frederick B. Wendt, the executor, against whom an execution had been issued, upon the Surrogate's decree in favor of John F. Peyser, applied for an order setting the same aside, whereupon the following opinion was filed, March 5th, 1884:

THE SURROGATE.—On April 18th, 1883, a decree was entered in this court, directing Frederick B. Wendt, as executor of the last will and testament of this dece-

dent, to pay to one John F. Peyser, a legatee under that will, the sum of $5,000, in part payment of his legacy. On the 5th day of February last, an execution was issued, directing the sheriff to satisfy the said decree out of the property of Frederick B. Wendt. This execution I am now asked to set aside, because it was issued without notice to the executor that its issuance would be applied for. It is claimed on his behalf that the provisions of §§ 1825, 1826 and 1827 of the Code of Civil Procedure apply to executions issued upon orders and decrees of this court. These sections provide that, before the issuance of execution upon a judgment against an executor or administrator in his representative capacity, an order permitting it to be issued shall be made by the Surrogate from whose court such officer has received his letters. I hold, however, that these sections establish the procedure for enforcement of judgments of *other* courts than that of the Surrogate, and of such other courts *only*. Section 1824 provides that, "in an action against an executor or administrator in his representative capacity, wherein *the complaint* demands *judgment* for a sum of money, the existence, sufficiency or want of assets shall not be pleaded by either party. . . . A *judgment* in such an action is not evidence of assets in the defendant's hands." It would, of course, be a palpable injustice to forbid an executor or an administrator to set up, by way of defence, a deficiency of assets, and yet to allow, as of course, the issuance of an execution upon a judgment recovered against him. This injustice is avoided by the procedure established by the three sections above referred to. It is manifest, however, that such pro-

cedure is quite unnecessary in regard to executions upon the decrees of a Surrogate's court. Section 2552 of the Code provides that "a decree directing payment by an executor, etc., to a person interested in the estate or fund is, except upon appeal therefrom, conclusive evidence that there are sufficient assets in his hands to satisfy the sum which the decree directs him to pay, or for which the order permits the execution to issue." Section 2553 declares that, "where a decree directs the payment of a sum of money to one or more persons therein designated, the Surrogate or the clerk of the Surrogate's court must . . . furnish to any person applying therefor one or more transcripts duly attested," containing certain matters in such section specified. That section further provides that each county clerk, to whom such a transcript is presented, must file it, and docket the decree, and that such docketing shall have the same force and effect as if it were a judgment of the Supreme court.

Section 2554 is as follows: "A decree directing the payment of a sum of money into court, or to one or more parties, may be enforced by an execution against the property of the party directed to make the payment. The execution must be issued by the Surrogate, or the clerk of the Surrogate's court, under the seal of the court. . . . . *In all other respects*, the provisions of this act, relating to an execution against the property of the judgment debtor, issued upon a judgment of the Supreme court, and the proceedings to collect it, apply to an execution issued from the Surrogate's court, and the collection thereof, the decree being for that purpose regarded as a judgment."

Upon a consideration of all these provisions, I am convinced that, in the present case, execution properly issued without application to the Surrogate or notice to the executor.

I think, too, that such execution is not justly open to attack because of the fact that it runs against the executor personally (See L. 1844, *ch. 104;* Davies v. Skidmore, *5 Hill, 501;* Paff v. Kinney, *5 Sandf., 393;* Dubois v. Dubois, *6 Cow., 494*).